UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM HENEKA,

                    Plaintiff,

vs.

THE AMERICAN NATIONAL RED CROSS
and JANE DOE, a fictitious name for the individual
who performed a blood draw on plaintiff on
April 8, 2022 at collection site 001016071
(IBEW Rochester),

                    Defendants.

**COMPLAINT**

**Civil Action No.**

**Jury Trial Demanded**

Plaintiff, by his attorneys, Kammholz Law PLLC, as and for his complaint against defendants, states as follows:

## INTRODUCTION

1. This is an action pursuant to 36 USC section 300105 against defendants THE AMERICAN NATIONAL RED CROSS and JANE DOE (being a fictitious name for the Person who performed a blood draw on plaintiff on April 8, 2022) for negligence and medical malpractice in connection with a blood draw taken from plaintiff on April 8, 2002 and personal injuries resulting therefrom.

## PARTIES, JURISDICTION AND VENUE

2. At all times hereinafter mentioned, plaintiff WILLIAM HENEKA was and still is a resident of the County of Monroe, State of New York.

3. At all times hereinafter mentioned, defendant THE AMERICAN NATIONAL RED CROSS ("RED CROSS") was and still is an entity Federally

Chartered by act of the United States Congress on January 5, 1905, with its principal place of business in Washington, D.C.

4. Defendant JANE DOE is an unidentified potential defendant.

5. At all times hereinafter mentioned, defendant JANE DOE was an employee, agent or representative of RED CROSS, who was under the control and direction of defendant RED CROSS.

6. As a result thereof, defendant RED CROSS is responsible under respondent superior for the negligent acts and medical malpractice of defendant JANE DOE.

7. At all times relevant to this complaint, defendant RED CROSS held itself out to the public and plaintiff to have the expertise necessary to properly and safely perform blood draws during blood drives.

8. At all times relevant to this complaint, defendant JANE DOE was licensed to practice nursing or phlebotomy in the State of New York, who held herself out to the public as a skilled and competent nurse and/or phlebotomist.

9. Jurisdiction is proper under the Charter of The American National Red Cross, 36 U.S.C, §300105.

10. Venue is proper under 28 USC section 1391 in that all or a substantial portion of the acts and omissions forming the basis of these claims occurred in Rochester, New York and the Western District of New York.

## DEMAND FOR JURY TRIAL

11. Plaintiffs hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

12. The events that give rise to this lawsuit occurred on April 8, 2022.

13. On such date, plaintiff attended a blood donation drive at the International Brotherhood of Electrical Workers Local 86 union hall, 2300 E. River Road, Rochester New York 14623.

14. Medical services related to the blood drive, including the drawing of blood, were conducted, managed and supervised by defendant RED CROSS and its employees, agents and representatives, including defendant JANE DOE.

15. The location of the blood drive is identified in records of defendant RED CROSS as "001016071 IBEW Rochester."

16. The blood drive is identified in records of defendant RED CROSS as "Drive ID 001462755."

17. On such date, at approximately 4:43 pm, defendant JANE DOE attempted to draw blood from plaintiff's right cubital vein in his right elbow during the blood drive.

18. Prior to inserting the blood draw needle, defendant JANE DOE failed to determine the actual location of plaintiff's right cubital vein and his right antebrachial cutaneous nerve.

19. Upon insertion of the blood draw needle, plaintiff complained of sharp electrical type pain shooting down his right arm and twitching in his right hand.

20. Such complaints by plaintiff were the result of defendant JANE DOE improperly striking plaintiff's right antebrachial cutaneous nerve with the blood draw needle.

21. Defendant JANE DOE failed to immediately remove the blood draw needle upon such complaints by plaintiff.

22. Instead, defendant JANE DOE attempted to locate plaintiff's vein by repositioning the needle while it was still inserted in plaintiff's arm.

23. Such re-positioning caused additional and more substantial injury to plaintiff's right antebrachial cutaneous nerve.

24. Solely as a result of the actions of defendant JANE DOE in striking the nerve and then moving the needle around as it was inside of plaintiff's arm, plaintiff has suffered severe and permanent injury to his right antebrachial cutaneous nerve, resulting in severe and continuing pain, tingling and hypersensitivity radiating down his arm from his elbow, as well as serious limitations in the use of his right arm, wrist, hand and fingers.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT (MEDICAL MALPRACTICE):

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 24 above as if fully set forth herein.

26. Defendants acted negligently and in deviation of accepted standards of medical care in the manner in which they treated the plaintiff during the blood draw.

27. The actions and/or omissions of defendants that constituted negligence and deviations of accepted standards of medical care included:

    A. Failing to determine the actual location of plaintiff's right cubital vein and his right antebrachial cutaneous nerve prior to attempting the blood draw;

    B. Failing to establish proper needle placement;

      C.      Failing to remove the needle following plaintiff's complaints;

      D.      Repositioning the needle while it was still inserted into plaintiff's arm;

      E.      Failing to follow good, usual customary and accepted practice in the placement of needles for blood draws/donations.

THESE ACTIONS AND OMISSIONS OF DEFENDANTS CONSTITUTED DEVIATIONS FROM ACCEPTED STANDARDS OF CARE APPLICABLE TO DEFENDANTS.

28.      As a direct and proximate result of defendants' medical malpractice, plaintiff has suffered severe pain and suffering, lost and reduced wages and employee benefits, medical expenses, and lost enjoyment of life.

29.      By reason of the foregoing, plaintiff claims damages in the amount of $1,000,000.

## CONCLUSION

WHEREFORE, plaintiff demands judgment against defendants in the amount of $1,000,000 together with the costs and disbursements of this action, and such other and further relief as the court deems just and proper.

Dated: October 2, 2024
       Victor, New York

                                        KAMMHOLZ LAW, PLLC

                                        By: Bradley P. Kammholz, Esq.
                                        Attorneys for Plaintiff
                                        1501 State Route 96, Suite 202
                                        Victor, NY 14564
                                        585-678-4500

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM HENEKA

                Plaintiff,

vs.

THE AMERICAN NATIONAL RED CROSS
and JANE DOE, a fictitious name for the individual
who performed a blood draw on plaintiff on
April 8, 2022 at collection site 001016071
(IBEW Rochester),

                Defendants.

**CERTIFICATE OF MERIT**

**Civil Action No.**

---

    I am an attorney duly licensed to practice in the State of New York and am one of the attorneys for the plaintiff in the above captioned action.

    I make this Certificate of Merit pursuant to the requirements of CPLR 3012-a.

    I have reviewed the facts of this case and have consulted with at least one physician and one nurse who are licensed to practice medicine in this state or another state and whom I reasonably believe are knowledgeable in the relevant issues involved in this action.

    I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated: October 2, 2024
       Victor, New York

                                      BRADLEY P. KAMMHOLZ, ESQ.